194

## OHMER v SCHWIND REALTY CO

Ohio Appeals, 2nd Dist, Montgomery Co

No 1337.   Decided Jan 8, 1936

McConnaughey, Demann & McConnaughey, Dayton, for plaintiff in error.

McMahon, Corwin, Landis & Markham, Dayton, for defendant in error.

### OPINION

By THE COURT

The defendant in error, The Schwind Realty Company, instituted its action in the Municipal Court of the City of Dayton, Ohio against the plaintiff in error, Will I. Ohmer, for the sum of $418.40, with interest, a balance claimed to be due for rental of storage space in what is known as The Beaver Tower Building, Dayton, Ohio, from October 1, 1926 to October 31, 1929, inclusive, on the basis of a monthly rental of $12.56.

The Municipal Judge, in determining the case, made specific finding of facts, at the end of which he draws this conclusion of law:

"From the foregoing, it follows that by the contract of the parties, by their course of dealings, and by the nature and purpose of the occupancy, defendant rendered himself liable for the rental during the full period of the occupancy, and never during said period disclaimed said liability to plaintiff in such a way as to create, with plaintiff's consent, a new re'atonship between the plaintiff and the receiver which would have charged the receivership exclusively for the rent."

Judgment was entered for The Schwind Realty Company against Mr. Ohmer in the sum prayed, with interest, from which action error is prosecuted to this court.

The one question presented for determination is whether or not the finding and judgment is manifestly against the weight of the evidence. We have carefully read the record and granting to the trial judge the prerogative of determining the credibility of the witnesses and the weight to be given to their testimony we find no prejudicial error.

If the contract for rental was made by Mr. Ohmer in his individual capacity, then, notwithstanding the fact that some or all of the payments may have been made by the receiver and accepted by The Schwind Realty Company, this, in itself, would not relieve Mr. Ohmer from primary liability. The trial court had a right to so find as there was direct dispute between Mr. Ohmer and Mr. Keyer, President of The Schwind Realty Company whether any contract was made for the rental between them. Mr. Linkert, the receiver, did not testify to any express contract to which he was a party and the trial court had a right to take into consideration all of the circumstances tending to support or contradict the respective theories of the parties. The case presents a *close question* on factual proof and we would not be disposed to disturb a judgment for Mr. Ohmer, had the trial court so resolved the evidence. However, we see no legal principle involved which would require the setting aside of the judgment and upon the only question presented, namely, the weight of the evidence, we find no prejudicial error.

The judgment of the trial court will be affirmed.

BARNES, PJ, HOLNBECK and BODEY, JJ, concur.